# Cases Argued and Determined

In

# The Supreme Court of the State of Colorado

At September Term, A. D. 1917

---

## No. 8666.

BESSEMER IRRIGATING DITCH COMPANY *v.* OXFORD FARMERS' DITCH COMPANY ET AL.

1. APPEAL FROM ERROR—*Presumptions*, that the court below disregarded incompetent evidence.
2. FINDING ON INSUFFICIENT EVIDENCE. Where, disregarding incompetent evidence heard below, what remains in the record is insufficient to support the decree it will be reversed.
3. WATER RIGHTS—*Change of Point of Diversion.* There being no evidence that others would be injuriously affected by the change sought, a decree denying it was reversed and the court below directed to order it.

*Error to Fremont District Court, Charles A. Wilkin, Judge.*

Messrs. DEVINE & PRESTON & WALDO and STUMP, for plaintiff in error.

Messrs. FRED A. SABIN & JOHN H. VORHEES, for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court.

THIS proceeding was brought under the session laws of 1903, p. 278, to obtain a decretal order permitting a change

in the point of diversion of 8.87 cubic feet of water per second on the Arkansas river from the headgate of the Oil Creek ditch into the headgate of the Bessemer ditch.

The statute provides that every person desirous of changing in whole or in part, the point of diversion of his right to the use of water from any natural stream shall petition to the proper court, praying that the change be granted; that the court shall, after notice, hear evidence to determine whether the proposed change will injuriously affect the vested rights of others in and to the use of the water in the stream, and unless it appears from the evidence that such change will so affect the vested rights of others, the court shall enter a decree permitting the change.

The accompanying map shows, as far as pertinent, the relative location of the ditches and headgates upon the stream.

The court refused to make the decretal order permitting the change, and dismissed the petition upon the ground that it would injuriously affect the vested rights of others, and that is the only question involved.

The Oil Creek ditch headgate is in water district 12, and the Bessemer ditch headgate, about 30 miles below in water district No. 14. In the general adjudication decree entered in Fremont county in water district 12, in February, 1894, the Oil Creek ditch was awarded Arkansas river priorities of an early date, aggregating 33.6 cubic feet per second, for general irrigation purposes.

The Fruitland, a mutual ditch company, was organized in 1893, and the lands under it lie above the Oil Creek ditch; the Hydraulic ditch and lands under it lie between the Fruitland and Oil Creek ditches. The Fruitland made no independent appropriation of its own from the stream, but relied upon supplying its stockholders by purchasing the use of water that had theretofore been beneficially applied. In 1893 it purchased from the Oil Creek ditch company 8.87 cubic feet per second of the latter's decreed appropriation, and installed a pumping plant in the Oil Creek ditch shortly below the headgate, and in 1896 began pumping the water into its ditch. In 1911, to obviate the expense of pumping, it obtained the use of 16 second feet of decreed water from the city of Canon City for its consumers and ceased to pump or use the Oil Creek appropriation. This continued from 1911 until 1913 when, having no further use for the Oil Creek ditch appropriation, it sold its right to the Bessemer ditch company, plaintiff herein, and the latter company, desiring to change the point from which the diversion was originally made when the water was first applied to a beneficial use, instituted this proceeding, the Oil Creek Ditch Company having consented to the transfer. During the three years from 1911 to 1913, when the Fruitland was not using its portion of the Oil Creek ditch appropriation, it paid the Oil Creek ditch assessments thereon. No question of abandonment is claimed or involved. After the Fruitland ceased pumping, this water was permitted either to remain in the stream or was tailed back into the river through the

Oil Creek ditch and used by other appropriators in the order of their priorities.

Garrigus, J. (after stating the facts as above). Upon careful examination of this case, we have reached the conclusion that the transfer should have been allowed. Defendants in error invoke the rule that we ought not to interfere with the finding and decree of the court where the evidence is in substantial conflict, and that it will be presumed that the court considered only proper and competent evidence and disregarded incompetent testimony. We recognize the rule, but the trouble with the application of it here is that when the incompetent testimony is disregarded, there is no sufficient evidence remaining upon which to support the finding. The evidence failed to show that any vested right of others in and to the waters of the stream would be injuriously affected by the transfer, and the statute provides that in such case the change will be allowed.

The judgment is *reversed,* and the cause remanded, with directions to the lower court to permit the transfer.

*Reversed and remanded, with directions.*